**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LONG & FOSTER REAL ESTATE, | Civil No. 17-6768 (NLH/KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ED SMITH, | |
| Defendant. | |

**APPEARANCES:**

Michael S. Greenblatt
Greenblatt & Lieberman, LLC
102 Browning Lane
Building B
Cherry Hill, NJ 08003
    *On behalf of Plaintiff*

Ed Smith
30 Washington Avenue
Edgewater Park, NJ 08010
    *Pro Se Defendant*

**HILLMAN, District Judge**

This matter having come before the Court by way of Defendant's application to proceed in forma pauperis ("IFP application") [1-2] in this action submitted on September 5, 2017 as an exhibit to Defendant's Notice of Removal [1] submitted to the Court on the same date; and

The Court recognizing that when a non-prisoner seeks permission to file a Notice of Removal in forma pauperis under 28

U.S.C. § 1915,[1] the Prison Litigation Reform Act ("PLRA") requires the person[2] to submit an application that includes a statement of all assets and that the person is unable to pay such fees or give security, see 28 U.S.C. § 1915(a); and

The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976);

---

[1] While individuals typically seek permission to file a complaint, as opposed to a notice of removal, in forma pauperis under 28 U.S.C. § 1915, the statute permits federal courts to "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit." 28 U.S.C. § 1915(a)(1) (emphasis added); see, e.g., Bey v. Pennsylvania, 345 F. App'x 731, 732 (3d Cir. 2009) (affirming the district court's grant of defendant's IFP application and dismissal of defendant's notice of removal for lack of subject matter jurisdiction).

[2] Although Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011); accord Douris v. Middletown Township, 293 F. App'x 130, 132 n.1 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners."); Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. U.S. Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at *11 n.7 (D.N.J. Oct. 17, 2011) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.").

and

The Court having reviewed Defendant's IFP application, and Defendant having signed the application declaring under penalty of perjury that he is unable to pay the costs of these proceedings; and

Accordingly, based on this information, the Court hereby grants Defendant's application to proceed in forma pauperis in this case and directs the Clerk to file the Notice of Removal in this action; and

The Court noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the Notice of Removal in a civil action in which a defendant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; and

The Court further noting that a "document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); see also Haines v. Kerner,

404 U.S. 519, 520 (1972); and

The Court recognizing that federal courts also have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977))); and

The Court noting that "[t]he removal statute, 28 U.S.C. § 1441, generally keys removal jurisdiction to original jurisdiction" PAAC v. Rizzo, 502 F.2d 306, 313 (3d Cir. 1974); and

The Court noting that "[f]ederal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of

Am., 511 U.S. 375, 377 (1994); and

The Court noting that "[o]ne category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'" Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) (quoting 28 U.S.C. § 1331); and

The Court noting that where "removal is predicated upon the assertion of a federal question, . . . the federal question must appear as an essential element of the plaintiff's complaint in state court," Rizzo, 502 F.2d at 313; and

The Court noting that "[i]f the federal question arises only as a defense, or in anticipation of a defense, removal jurisdiction will not exist," id.; and

Defendant being served with a complaint in the Superior Court of New Jersey, Special Civil Part, Burlington County, evicting him from Plaintiff's premises; and

Defendant asserting in his Notice of Removal that the Complaint "fail[ed] to allege compliance with the Civil Rights Act of 1968"; and

Defendant further alleging there existed "multiple habitability issues" with the premises; and

The Court observing that Defendant's Notice of Removal,

construed liberally, appears to attempt to assert only a federal defense; and

The Court further noting that, in any event, none of the factual averments in Defendant's Notice of Removal support a defense under the Civil Rights Act of 1968 but rather relate to a potential state law defense; and

The Court finding that Defendant has not properly asserted a basis for this Court to exercise jurisdiction over this claim; and

The Court finding that, even construed liberally in light of his pro se status, Defendant's Notice of Removal does not allege facts sufficient to demonstrate that this Court has a jurisdictional basis to consider the action regarding his eviction, and his Notice of Removal must be dismissed without prejudice at this time.

Accordingly,

IT IS on this __13th__ day of __September__, 2017, hereby

**ORDERED** that Defendant's IFP Application [Doc. No. 1-5] shall be, and hereby is, **GRANTED** and the Clerk is directed to file Defendant's Notice of Removal [1]; and it is further

**ORDERED** that Defendant's Notice of Removal shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

6

**ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

**ORDERED** that Defendant is granted leave to file an amended Notice of Removal in this action within **forty-five (45) days** of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that the exercise of jurisdiction by this Court is proper.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.